[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12126
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cv-00202-WLS

EARLENE HOLMES,

                                                        Plaintiff-Appellant,

versus

STATE OF GEORGIA,
on behalf of Governor,
DON STRICKLAND,
CHRISTA COURSON,
SHAWN CORLEY,
COMMISSIONER,

                                                        Defendants-Appellees,

ROBERT COOLEY,

                                                        Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 15, 2013)

Before TJOFLAT, MARCHS and KRAVITCH, Circuit Judges.

PER CURIAM:

After Earlene Holmes, a black employee of the Georgia Department of Corrections ("DOC"), was discharged due to poor work performance, she sued the DOC (and several of its employees) under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 1981 and 1983 (for the denial of her Fourteenth Amendment right to equal protection of the law), the Equal Pay Act ("EPA"), the Family Medical Leave Act ("FMLA"), and the Georgia Whistleblower Act.  All of these claims were based, at least in part, on allegations of race and gender discrimination; her discharge was in retaliation for her engaging in legally protected activity.  The District Court granted the defendants summary judgment, and she now appeals.  We affirm.

In her brief on appeal, Holmes argues that the District Court erred (1) in denying her motion for appointment of counsel; (2) in granting the defendants summary judgment on her race discrimination and retaliation claims under Title VII; and (3) in determining that qualified immunity barred her claims (against the employee defendants) of race discrimination and retaliation under §§ 1981 and 1983.

2

As an initial matter, we hold that Holmes has abandoned any claims (1) under the EPA, FMLA, the Fourteenth Amendment, and Georgia Whistleblower Act, (2) of hostile work environment, or (3) of gender discrimination because she has not presented these claims in her brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."). Moreover, we will not review any argument she makes with respect to the Georgia Department of Labor's findings because the findings were not presented to the District Court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004).

## I. Appointment of Counsel

We review the District Court's denial of the appointment of counsel for abuse of discretion. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (addressing the district court's denial of a motion for appointment of counsel in a § 1983 action). In deciding whether to appoint counsel, a district court "has broad discretion . . . and should appoint counsel only in exceptional circumstances." *Bass*, 170 F.3d at 1320. The following factors may be considered when determining whether "exceptional circumstances" exist: (1) the type and complexity of the case; (2) whether the indigent requesting the appointment is capable of adequately presenting her case; (3) whether the indigent is in a position

3

to adequately investigate the case; and (4) whether the evidence will consist in large part of incidents the indigent witnessed herself. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

We find no abuse of discretion here. This case presented no exceptional circumstances. The issues were straightforward, and Holmes had personal knowledge of the facts underlying her allegations. *See Fowler*, 899 F.2d at 1096 (finding no exceptional circumstances where the claims are relatively straightforward and based on incidents personally experienced by the plaintiff, and where the plaintiff was capable of adequately representing himself in the matter).

## II.  Title VII

We review a district court's grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(a); *Holloman*, 443 F.3d at 836.

Title VII makes it unlawful for an employer "to . . . discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such an individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). An individual is not an

employer as defined by Title VII; therefore, relief under Title VII is available only against the employer and not against individual employees, here the DOC employees Holmes sued. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006).

Holmes does not allege that she presented direct evidence of discrimination to the District Court. Rather, she relied on circumstantial evidence to prove intent to discriminate. We therefore consider her allegations under the model of proof set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (addressing race discrimination under Title VII). To prevail on a race-discrimination claim based on circumstantial evidence, a plaintiff establishes a *prima facie* case by showing that she was: (1) a member of a protected class; (2) qualified for her current position; (3) subject to an adverse employment action; and (4) either replaced by someone outside the protected group or treated less favorably than any similarly situated employee outside her protected group. *Id*.

Under *McDonnell Douglas*, if the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. If it does so, the plaintiff, to prevail, must demonstrate that the employer's proffered reason is merely pretextual. *McDonnell Douglas*, 411

5

U.S. at 802, 804, 93 S.Ct. at 1824–25.  That is, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005).  In reviewing a judgment adverse to the plaintiff in a Title VII case, we are mindful that we do not sit as a "super personnel department"; we will not second-guess the business judgment of the employer.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (citations omitted) (*en banc*).  Indeed, we are "not in the business of adjudging whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999).  As such, the inquiry into whether an employer's proffered reasons were pretexts centers on the employer's beliefs, not the beliefs of the employee.  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

A retaliation claim based on circumstantial evidence is also analyzed according to the burden-shifting *McDonnell Douglas* framework.  *See Goldsmith v. City of Artmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993).  To prevail, the

6

plaintiff must establish a *prima facie* case by showing (1) statutorily protected expression, (2) adverse employment action, and (3) a causal link between the protected expression and the adverse action. *Id.* at 1163. If the plaintiff establishes a *prima facie* case, and the employer proffers a legitimate, nondiscriminatory reason for its action, the plaintiff must then show that the reason is a pretext for retaliation. *Id.*

We conclude that summary judgment was appropriate with respect to the Title VII claims. The individual defendants are not liable under Title VII because they were not Holmes's employer. *See Dearth*, 441 F.3d at 933. The State of Georgia, which includes the DOC, however, is subject to Title VII since it was her employer. *See id.*

Even if Holmes could establish a *prima facie* case of race discrimination, the DOC presented a legitimate, nondiscriminatory reason for its action, and Holmes presented no evidence to show that such reason was pretextual. Holmes was terminated due to poor work performance, a decision fully supported by DOC documents. This evidence showed that Holmes failed to pull enough food for the detainees, follow instructions regarding an email about high food costs, follow the work schedule, complete paperwork, and present the Daily Food Packets to her supervisor for review. She was suspended twice before eventually being

7

terminated based on continued poor work performance.   In short, she failed to demonstrate that the DOC's legitimate, nondiscriminatory reason for her termination was a pretext for racial discrimination.

## III.  42 U.S.C. §§ 1981 and 1983

The District Court held that the individual defendants were entitled to qualified immunity on the claims brought under § 1981 and 1983.  We review its decision *de novo*.  *Hoyt v. Hooks*, 672 F.3d 972, 977 (11th Cir. 2012).  Qualified immunity protects government officials performing discretionary functions from liability in their individual capacity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002) (quotation omitted).  Regarding discretionary functions, the inquiry concerns whether the acts in question are of a type that fell within the defendant's job responsibilities, and asks whether the defendant was performing a legitimate job-related function through means that were within his or her power to utilize.  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265-66 (11th Cir. 2004).  Once a defendant establishes this, the plaintiff has the burden of establishing that qualified immunity is not appropriate.  *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).  She must show (1) that the defendant infringed

8

a right protected by a statute or the constitution, and (2) that such right was clearly established at the time of the alleged violation. *Holloman*, 370 F.3d at 1264.

The record supports the District Court's determination that the individual defendants were entitled to qualified immunity. They were all DOC officials; they were acted within their discretion when they suspended Holmes and subsequently fired her because they were performing legitimate job-related functions as her superiors. *Holloman*, 370 F.3d at 1265-66. Moreover, their behavior did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739, 122 S.Ct. at 2515. Further, Holmes failed to establish that the defendants violated any constitutional right against racial discrimination under § 1981 or § 1983. *Holloman*, 370 F.3d at 1264. As discussed above, evidence demonstrates that Holmes was fired due to her poor work performance, and that her termination was not motivated by her race.

For the foregoing reasons, the judgement of the District Court is AFFIRMED.